UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICO DONTAY SOLOMAN, SR.,
    Plaintiff,

v.                                               CASE NO. 8:20-cv-103-KKM-SPF

WARDEN BAKER, *et. al.*,
    Defendants.
_____

## ORDER

An earlier order dismissed the complaint without prejudice and directed Solomon to amend his complaint. (Doc. 10.) After Solomon timely amended (Doc. 13), the case was reassigned to this Court (Doc. 14) and Solomon filed another amended complaint (Doc. 16), which is the governing pleading.[*] As determined below, because Solomon fails to remedy the pleading deficiencies noted in the earlier order, this action is dismissed.

_____

[*] The Court chose not to strike the amended complaint as an unauthorized pleading because no defendant has yet been served and the pleading does not materially alter the asserted claim.

Solomon prepared his amended pleading on the required form for filing a civil rights action under 42 U.S.C. § 1983, although he captioned the pleading as an "Amended Bill in Equity." United States District Courts are courts of limited jurisdiction, "possess[ing] only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A "Bill in Equity" no longer exists because, since the 1937 adoption of Rule 2, Federal Rules of Civil Procedure, a "civil action" is the only non-criminal action within a district court's jurisdiction and Rule 60(e) abolished many common law "writs" and "bills." Moreover, resort to an action in equity was never proper if an adequate action at law existed. *See Thompson v. Central Ohio R. Co.*, 73 U.S. 134, 137 (1867) ("The absence of a plain and adequate remedy at law, is the only test of equity jurisdiction . . . ."). Section 1983 provides an adequate remedy at law for Solomon's action. Consequently, this court construes the initial "Amended Bill in Equity"

(continued…)

Solomon sues four officials from the Hardee Correctional Institution: Warden Baker, Duty Warden Garrett, Major Carson, and Captain Johnson. In his original complaint, Solomon alleged that the defendants violated his right to freedom of religion under the First Amendment, his right to freedom from unreasonable searches and seizures under the Fourth Amendment, and his right to freedom from cruel and unusual punishment under the Eighth Amendment. Solomon also alleged that the defendants had engaged in human trafficking. Solomon bases these claims on three incidents: (1) a search of his cell during which officers found his stash of marijuana; (2) a classification hearing at which Solomon was ordered to cut his hair and beard and thereafter was put into disciplinary confinement when refusing to do so; and (3) an incident caused by Solomon's persistent refusal to cut his hair and shave his beard, which ended with him being "gassed." The earlier order dismissed Warden Baker and Solomon's claim under the Fourth Amendment and advised Solomon that he cannot pursue a claim based on respondeat superior, the adequacy of a grievance process, or the destruction of personal property. (Doc. 10.) The order also explained that Solomon cannot recover damages based on "mental grief" and directed him to file an amended complaint to further develop his two claims based on cruel and unusual punishment and religious freedom.

In his amended complaint Solomon continues to name the same four defendants

---

(Doc. 16) as an amended civil action under Section 1983 because Solomon used the required civil rights complaint form as directed in the earlier order and strikes Solomon's subsequent "Amended Bill in Equity" (Doc. 18), purportedly filed in the "Court of Chancery for the Middle District of Florida" with "appropriate venue beneath Romans, Ch. 7, v.1."

but now seeks to hold the defendants liable in equity for injunctive relief. Solomon cannot proceed in equity because Section 1983 provides an adequate remedy in a court of law. Affording the amended complaint a generous interpretation, *see Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam), Solomon fails to state a claim upon which relief may be granted and thus his amended complaint must be dismissed. *See* 28 U.S.C. § 1915(e).

Solomon's first claim (Doc. 16 at 8) fails because, as explained in the earlier order (Doc. 10 at 4), as a prisoner he has no protection under the Fourth Amendment against searches and seizures "within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 525–26 (1984). *See also Padgett v. Donald*, 401 F.3d 1273, 1278–79 (11th Cir. 2005) ("Prisoners have no Fourth Amendment rights against searches of their prison cells. . . ."). Solomon's second claim (Doc. 16 at 9) fails because, as explained in the earlier order (Doc. 10 at 3), he has an adequate remedy in state court for the alleged destruction of his personal property. Solomon's third claim (Doc. 16 at 10) fails because the only requested relief—injunctive relief—is not warranted to address the prior placement in disciplinary detention, the prior loss of bedding, and the prior use of chemical agents because each was the result of his refusal to follow prison rules or regulations that govern inmate behavior. In other words, Solomon fails to show a basis for enjoining the defendants from future enforcement of constitutional prison rules. Solomon's fourth claim (Doc. 16 at 11) fails because his asserted "right to wear a beard or hair at a length as the Plaintiff chooses" is precluded by *Holt v. Hobbs*, 574 U.S. 352, 369 (2015), which authorizes restricting the length of an

inmate's beard to only a half inch. *Accord Smith v. Owens*, 13 F.4th 1319, 1322 (11th Cir. 2021) (enforcing *Holt*).

Accordingly, the following is **ORDERED**:

1. The "Amended Bill in Equity" (Doc. 18) is **STRICKEN**.

2. The "Amended Bill in Equity" (Doc. 16) is construed as an amended civil rights complaint. This **ACTION is DISMISSED WITH PREJUDICE** for failing to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The clerk is directed to **ENTER JUDGMENT** in Defendants' favor, terminate any pending motions, and **CLOSE** this case.

**ORDERED** in Tampa, Florida, on November 18, 2022.

Kathryn Kimball Mizelle
United States District Judge